ROB BONTA
Attorney General of California
MICHAEL L. NEWMAN
Senior Assistant Attorney General
LAURA L. FAER
VILMA PALMA-SOLANA
Supervising Deputy Attorneys General
SOPHIA CARRILLO
HEIDI JOYA
EDWARD NUGENT
JULIA HARUMI MASS
State Bar No. 189649
 1515 Clay Street, 20th Floor
 P.O. Box 70550
 Oakland, CA  94612-0550
 Telephone:  (510) 879-3300
 Fax:  (510) 622-2270
 E-mail:  Julia.Mass@doj.ca.gov
*Attorneys for California Secretary of State*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ALLIANCE FOR FAIR BOARD RECRUITMENT,** | Case No. 2:21-cv-01951-JAM-AC |
| Plaintiff, | |
| v. | **ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |
| **DR. SHIRLEY N. WEBER, in her official capacity as Secretary of State of the State of California,** | Judge:          Honorable John A. Mendez<br>Trial Date:    None set<br>Action Filed:  July 12, 2021 |
| Defendant. | |

Defendant Dr. Shirley N. Weber, in her official capacity as California Secretary of State ("Secretary of State" or "Secretary"), answers the Complaint for Declaratory and Injunctive Relief ("Complaint"), ECF No. 1, of Plaintiff Alliance for Fair Board Recruitment, as follows.

The Secretary generally denies all allegations except those specifically admitted.

The Secretary declines to respond to allegations that SB 826 is a "quota" or a "Woman Quota" and that AB 979 is a "quota" or "Minority Quota," as such allegations are legal conclusions, argument, and rhetoric to which no response is required, and are otherwise denied.

On January 11, 2022, the Court dismissed Count 1 of Plaintiff's Complaint (alleging a facial equal protection challenge to SB 826) without prejudice and Count 4 (alleging that SB 826 and AB 979 violate the "internal affairs doctrine") with prejudice and ordered Plaintiff to file an amended complaint within 20 days. On January 27, 2022, Plaintiff filed a Notice of Intent to Stand on Complaint. ECF No. 72. In responding to the Complaint, the Secretary treats allegations related solely to Count 1 or Count 4 as not requiring any response. However, some of the allegations of the Complaint may be relevant to one or more of the dismissed counts and also relevant to surviving counts, and the Secretary provides substantive responses to those allegations for purposes of answering Plaintiff's remaining Counts 2 and 3 only.

1.    The Secretary admits that SB 826 and AB 979 were enacted in 2018 and 2020 respectively. The remainder of the allegations in Paragraph 1 consist of legal conclusions and argument to which no response is required, and are otherwise denied. The Secretary respectfully refers the Court to the text of SB 826 and AB 979 for a full and accurate statement of their contents.

2.    The allegations in Paragraph 2 consist of Plaintiff's characterization of SB 826 to which no response is required, and are otherwise denied.  The Secretary respectfully refers the Court to the text of SB 826 for a full and accurate statement of its contents.

3.    The allegations in Paragraph 3 consist of Plaintiff's characterization of AB 979 to which no response is required, and are otherwise denied. The Secretary respectfully refers the Court to AB 979 for a full and accurate statement of its contents.

4.     The allegations in Paragraph 4 consist of legal conclusions and argument to which no response is required, and are otherwise denied. The Secretary respectfully refers the Court to the text of SB 826 and AB 979 and the relevant legislative records for their full and accurate contents.

5.     The allegations in Paragraph 5 consist of legal conclusions and argument to which no response is required, and are otherwise denied.

6.     The allegations in Paragraph 6 consist of legal conclusions and argument to which no response is required, and are otherwise denied.

7.     The allegations in Paragraph 7 consists of legal conclusions and argument to which no response is required, and are otherwise denied. The fourth sentence in Paragraph 7 consists of the vague and broad allegation that, "California's findings, moreover, are contradicted by robust empirical analyses showing that the 'diversity' California seeks to require has, at best, no impact on corporate performance and may even hurt investors." Without knowing which findings Plaintiff alleges are contradicted or the allegedly "robust empirical analyses" referenced, the Secretary lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in the fourth sentence of Paragraph 7 and denies the allegations on that additional basis as well.

8.     The allegations in Paragraph 8 consist of legal conclusions and argument to which no response is required, and are otherwise denied. To the extent a response is required, the Secretary respectfully refers the Court to the case law cited for a complete and accurate statement of its contents.

9.     The allegations in Paragraph 9 consist of legal conclusions and argument to which no response is required, and, except as specifically admitted, are otherwise denied. To the extent a response is required, the Secretary admits that "sex stereotypes" and "differences between men and women" have been used to justify different treatment based on sex, respectfully refers the Court to the case law cited for a complete and accurate statement of its contents and context, and otherwise denies the allegations in Paragraph 9.

2

10.     The allegations in the first sentence of Paragraph 10 consist of legal conclusions and argument to which no response is required, and are otherwise denied. The Secretary lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in the second sentence of Paragraph 10, and on that basis denies the allegations in the second sentence. The allegation in the third sentence of Paragraph 10 consists of legal conclusions to which no response is required, and is otherwise denied.

11.     The allegations in Paragraph 11 are allegations relating entirely to Count 4 of the Complaint, which has been dismissed, to which no response is required.

**JURISDICTION AND VENUE**

12.     The allegations in Paragraph 12 are legal conclusions and argument to which no response is required. The Secretary denies that any of Plaintiff's claims are ripe or that Plaintiff has Article III or prudential standing and on these grounds denies the Court has subject matter jurisdiction over any claims. The allegations in Paragraph 12 relating to Counts 1 and 4 are moot because those counts have been dismissed and are also denied on that basis.

13.     The allegations in Paragraph 13 consist of legal conclusions and argument, to which no response is required, and are otherwise denied. With regard to the allegations in the second sentence of Paragraph 13, the Secretary lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations regarding whether its members include shareholders of corporations in this District, and therefore also denies them on that basis. Without admitting that subject matter jurisdiction exists in this case, the Secretary admits that venue is proper in the Eastern District of California under 28 U.S.C. § 1391(b)(2).

14.     The Secretary admits that she maintains an office in the Eastern District, where this action is now venued, and that the California Attorney General maintains an office in Los Angeles. The allegations in Paragraph 14 otherwise consist of legal conclusions and argument to which no response is required.

15.     The allegations in Paragraph 15 consist of legal conclusions and argument to which no response is required.

3

**PARTIES**

16.    The Secretary lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 16, and on that basis denies the allegations.

17.    The Secretary admits that Defendant Dr. Shirley N. Weber is the Secretary of State of the State of California and is a constitutional officer of the State. The allegations in Paragraph 14 otherwise consist of legal conclusions and argument to which no response is required, and are otherwise denied with respect to their characterization of the Secretary's roles relating to SB 826 and AB 979. The Secretary respectfully refers the Court to SB 826 and AB 979 for the full and accurate text of those laws.

**STANDING**

18.    The allegations in Paragraph 18 are legal conclusions and argument to which no response is required, and are otherwise denied to the extent they are an incomplete or inaccurate statement of the applicable standard for standing to bring a claim.

19.    The Secretary lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 19, and on that basis denies them. The allegations in the second sentence of Paragraph 19 consist of legal conclusions and argument to which no response is required, and which are otherwise denied.

20.    The allegations in Paragraph 20 consist of legal conclusions and argument relating solely to Count 4 of the Complaint, which has been dismissed, to which no response is required. With regard to the allegations concerning certain of Plaintiff's members, the Secretary lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

21.    The Secretary lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in the first sentence of Paragraph 21, and on that basis denies them. The allegations of the second sentence of Paragraph 21 consist of legal conclusions and argument to which no response is required, and are otherwise denied.

22.    The Secretary lacks knowledge or information sufficient to form a belief as to the allegations in the first sentence in Paragraph 22, and on that basis denies them. Also, as to the

4

allegations in the first sentence, the Secretary admits that a voting shareholder of a corporation may vote on a prospective board member, but otherwise denies the allegations. The Secretary lacks knowledge or information sufficient to form a belief as to the allegation in the second sentence in Paragraph 22, and on that basis denies same, except the Secretary admits on information and belief that, in the case of a given corporation, a plurality of shareholder votes in favor of a candidate at the annual shareholder meeting may be required in order for the candidate to be appointed.

23.     The Secretary lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 23 of the Complaint, and on that basis denies them.

24.     The allegations in Paragraph 24 pertain solely to Count 1 of the Complaint, which has been dismissed, to which no response is required. The Secretary otherwise respectfully refers the Court to SB 826 and its related legislative record for a full and accurate statement of their contents, and otherwise denies the allegations of this Paragraph.

25.     The allegations in Paragraph 25 consist of legal conclusions and argument to which no response is required, and are otherwise denied. In addition, the Secretary lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations concerning its members, and on that basis denies them.

26.     The allegations in the first sentence of Paragraph 26 consist of a legal conclusion and argument to which no response is required. To the extent a response is required, the Secretary denies that "a live controversy exists" and lacks knowledge or information sufficient to form a belief as to the truth of the first sentence's allegation concerning Plaintiff's members, and on that additional basis denies same. The Secretary admits that the second sentence accurately reflects Plaintiff's allegations, except denied to the extent they relate to Counts 1 and 4, which have been dismissed. The Secretary admits the allegations in the third sentence of Paragraph 26.

27.     The allegations in Paragraph 27 consist of legal conclusions and argument to which no response is required, and are otherwise denied.

28.     The allegations in Paragraph 28 consist of legal conclusions and argument to which no response is required, and are otherwise denied.

1

**STATEMENT OF FACTS**

2

**"SB 826 – The Woman Quota"**

3

      The heading and subheading that separate Paragraphs 28 and 29 of the Complaint do not

4

contain material allegations that require a response. To the extent a response is deemed required,

5

the allegations of the heading and subheading are denied.

6

      29.    The Secretary admits the allegation in the first sentence of Paragraph 29. With regard

7

to the allegations in the second sentence of Paragraph 29, the Secretary admits on information and

8

belief that the Legislature was dissatisfied with California companies' response or non-response

9

to Senate Concurrent Resolution No. 62, and that the Legislature passed SB 826 in 2018. The

10

second sentence of Paragraph 29 is otherwise denied, and, as to its legal conclusions and

11

argument, requires no response. The Secretary also respectfully refers the Court to Senate

12

Concurrent Resolution No. 62, as well as SB 826 and its related legislative record, for their full

13

and accurate contents.

14

      30.    The Secretary admits that then-Governor Jerry Brown signed SB 826 into law on

15

September 30, 2018. The remainder of the allegations in Paragraph 30 consist of Plaintiff's

16

characterization of the law, which requires no response. To the extent a response is required, the

17

Secretary respectfully refers the Court to SB 826 for a full and accurate statement of its contents,

18

and the allegations of this paragraph are otherwise denied.

19

      31.    The allegations in Paragraph 31 consist of Plaintiff's characterization of the law,

20

which requires no response. To the extent a response is required, the Secretary respectfully refers

21

the Court to SB 826 for a full and accurate statement of its contents, and the allegations of this

22

paragraph are otherwise denied.

23

      32.    The allegations in Paragraph 32 consist of Plaintiff's characterization of the law,

24

which requires no response. To the extent a response is required, the Secretary respectfully refers

25

the Court to SB 826 for a full and accurate statement of its contents, and the allegations of this

26

paragraph are otherwise denied.

27

      33.    The allegations in Paragraph 33 consist of Plaintiff's characterization of the law,

28

which requires no response. To the extent a response is required, the Secretary respectfully refers

6

1    the Court to SB 826 for a full and accurate statement of its contents, and the allegations of this

2    paragraph are otherwise denied.

3        34.    The Secretary admits that the Legislature considered in part reports that claim in part

4    that female directors may improve a corporation's financial performance or governance, and that

5    the Legislature's findings in SB 826 included in part that "'[m]ore women directors serving on

6    boards of directors of publicly held corporations will boost the California economy, improve

7    opportunities for women in the workplace, and protect California taxpayers, shareholders, and

8    retirees[.]'" Otherwise the Secretary denies the allegations in Paragraph 34.

9        35.    The allegations in Paragraph 35 consist of legal conclusions and argument concerning

10   the sufficiency or relevance of evidence relied upon by the California Legislature, to which no

11   response is required, and which are otherwise denied. The sources referenced in Paragraph 35

12   speak for themselves, and the Secretary denies the allegations in Paragraph 35 to the extent they

13   are inconsistent with the sources. With regard to the first sentence of Paragraph 35, the Secretary

14   denies that "the sources the California legislature relies on are not credible," and denies that the

15   sources identified in SB 826 § 1(c) are the only sources the Legislature "relies on." With regard to

16   the second sentence, the Secretary denies that none of the Legislature's sources perform sound

17   statistical analysis. With regard to the third sentence of Paragraph 35, the Secretary denies that the

18   cited sources fail to show that the observed differences they report do not arise by mere chance.

19   Further, the Secretary denies that the 2014 Credit Suisse study or the McKinsey study fail to

20   report the statistical significance of the observed differences. With regard to the fourth sentence

21   of Paragraph 35, the Secretary denies that evidence considered by the Legislature generally failed

22   to control for variables. With regard to the fifth sentence of Paragraph 35, the Secretary denies

23   that the Legislature could not rely on the sources it considered or that causation could not be

24   inferred from at least some, if not all of those sources. With regard to the sixth sentence in

25   Paragraph 35, the Secretary denies that no "sources" other than the one mentioned were subject to

26   peer review or that peer review was a necessary requirement for the Legislature's consideration of

27   sources. The Secretary denies that the alleged finding referenced in the seventh sentence is

28   irrelevant to SB 826's objectives.  In addition, the Secretary lacks knowledge or information

1   sufficient to form a belief as to the truth of the matters asserted about the sources, and more than a

2   reasonable inquiry under the circumstances would be required to form such a belief, and on that

3   basis the Secretary denies the allegations in Paragraph 35.

4        36.     The allegations in Paragraph 36 consist of legal conclusions and argument about the

5   sufficiency or relevance of evidence relied upon by the California Legislature, to which no

6   response is required, and which are otherwise denied. Further, the sources speak for themselves,

7   and the Secretary denies the allegations in Paragraph 36 to the extent they are inconsistent with

8   the sources. For added clarity, the Secretary denies Plaintiff's characterization of what the sources

9   "show." To the extent the allegations in Paragraph 36 quote select sentences from written

10  documents, the Secretary admits that to the extent such allegations accurately reflect those

11  statements, such statements exist, except as otherwise stated below. With respect to the first

12  sentence of Paragraph 36, the Secretary denies that evidence before the Legislature did not show

13  that increased gender diversity benefits corporate governance and performance and also denies

14  that "show[ing] that the number of women on the board causes better performance" is "a

15  necessary predicate" for any "claim" the Legislature made, or for any relevant finding or

16  conclusion to be reached in this action. With regard to the second sentence of Paragraph 36, the

17  Secretary denies that the parenthetical quote from the R. Kersley et al./The CS Gender 3000

18  publication is complete. The full sentence reads, "We do not seek to claim a causality though note

19  a notable consistency in some of the relationships that emerge." Also with regard to the

20  allegations in the second sentence, the Secretary denies that the parenthetical quote from the G.

21  Desvaux, et al./Women Matter publication is complete. The full sentence reads, "While these

22  studies do not demonstrate a causal link, they do, however, give us a factual snapshot that can

23  only argue in favour of greater gender diversity." With regard to the third sentence in Paragraph

24  36, no response is required to the extent the allegations are characterizations of the referenced

25  Nasdaq proposed rule and the cited publication. The proposed Nasdaq rule and the cited

26  publication speak for themselves, and the allegations are otherwise denied, except that it is

27  admitted that the cited Klick publication contains the author's opinion as quoted in the third

28  sentence. Also with regard to the allegations in the third sentence of Paragraph 36, the Secretary

8

1  denies that "[t]here is no credible evidence that diversity requirements systematically improve

2  firm performance," and denies that any showing that "diversity requirements systematically

3  improve firm performance" is required to uphold AB 979 (and Count 1 regarding SB 826 has

4  been dismissed). In addition, the Secretary lacks knowledge or information sufficient to form a

5  belief as to the truth of the matters asserted about the Legislature's sources, and more than a

6  reasonable inquiry under the circumstances of answering the Complaint would be required to

7  form such a belief, and on that basis the Secretary denies the allegations in Paragraph 36.

8         37.    The allegations in the first three sentences of Paragraph 37 consist of legal

9  conclusions and argument, to which no response is required, and which are otherwise denied. The

10 documents referenced in Paragraph 37 speak for themselves, and the Secretary denies the

11 allegations in Paragraph 37 to the extent they are inconsistent with those documents. With regard

12 to the April 2021 J. Klick publication and the April 2021 J. Fried publication—and all

13 publications discussed therein that post-date SB 826's passage—the Secretary denies that the

14 California Legislature "omits" these publications "from its discussion," insofar as they were

15 published after SB 826's passage. The Secretary further denies the allegations in the first and

16 second sentences of Paragraph 37 to the extent they allege the Pletzer and Post/Byron

17 publications are examples of "studies that show that gender board diversity has no, or even a

18 negative, effect on corporate performance," as even Plaintiff characterizes these publications in

19 the second sentence as having "found that the number of women directors has no, or mixed,

20 effects on corporate performance." In addition, the Secretary lacks knowledge or information

21 sufficient to form a belief as to the truth of the matters alleged about the publications referenced

22 in the allegations in Paragraph 37, and more than a reasonable inquiry under the circumstances of

23 answering the Complaint would be required to form such a belief. With regard to the allegations

24 in the fourth sentence of Paragraph 37, the allegations consist of legal conclusions and argument

25 and Plaintiff's characterization of SB 826, to which no response is required. The Secretary

26 respectfully refers the Court to SB 826's text for a full and accurate statement of its contents, and

27 otherwise the Secretary denies the allegations in the fourth sentence of Paragraph 37. Finally, as

28

the fourth sentence of Paragraph 37 is directed to the cost of complying with SB 826 and Plaintiff's challenge to SB 826 has been dismissed, no response to that allegation is required.

**"SB 826- The Minority Quota"**

The subheading that separates Paragraphs 37 and 38 of the Complaint does not contain material allegations that require a response. To the extent a response is deemed required, the allegations of this subheading are denied.

38.     The allegations in Paragraph 38 consist of Plaintiff's partial quotation and characterization of California Corporations Code sections 301.4(b) and 301.4(e), to which no response is required. The Secretary admits that Governor Newsom signed AB 979 into law on September 30, 2020, that "AB 979 adds California Corporations Code sections 301.4 and 2115.6," and that under AB 979 a director qualifies as being from an "underrepresented community" if the director "self-identifies as Black, African American, Hispanic, Latino, Asian, Pacific Islander, Native American, Native Hawaiian, [] Alaska Native, . . . gay, lesbian, bisexual, or transgender," and otherwise the Secretary denies the allegations of this paragraph. The Secretary also respectfully refers the Court to these sections for their full and accurate contents.

39.     The allegations in Paragraph 39 consist of legal conclusions and Plaintiff's characterization of AB 979 and the definition of "underrepresented community," to which no response is required. The Secretary respectfully refers the Court to the text of AB 979 for a full and accurate statement of its contents, and otherwise the Secretary denies the allegations of this paragraph.

40.     The first sentence of Paragraph 40 consists of Plaintiff's characterization of AB 979, in particular the provision adding section 301.4(b), to which no response is required. The Secretary respectfully refers the Court to AB 979 and to section 301.4(b) for their full and accurate contents, and otherwise denies the allegations of the first sentence of Paragraph 40. The Secretary denies the second sentence of Paragraph 40.

41.     The Secretary admits "like SB 826, AB 979 applies to publicly held corporations with principal [executive] offices located in California, regardless of where the company is incorporated and regardless of the laws of the state of incorporation." The allegations in the

10

1    second sentence of Paragraph 41 consist of Plaintiff's characterization of California Corporations

2    Code sections 301.4(b), 2115.6, and 301.4(d), to which no response is required. The Secretary

3    also respectfully refers the Court to these sections for their full and accurate contents. The

4    Secretary denies that "AB 979 also carries similarly stiff fines for failures to comply," as AB 979

5    does not mandate the imposition of any fines, and the Secretary has not adopted regulations to

6    implement Corporations Code section 301.4.

7        42.   Paragraph 42 consists of Plaintiff's characterization of AB 979's legislative findings

8    to which no response is required. The Secretary respectfully refers the Court to AB 979 for a full

9    and accurate statement of the legislative findings stated therein, and otherwise denies the

10   allegations of this paragraph. The sources referenced in Paragraph 42 speak for themselves, and

11   the Secretary denies the allegations in Paragraph 42 to the extent they are inconsistent with the

12   sources. With regard to the first sentence of Paragraph 42, the Secretary admits that the California

13   Legislature cited various statistics, respectfully refers the Court to the text of AB 979 for a full

14   and accurate statement of its contents, and otherwise denies the allegations. With regard to the

15   second sentence of Paragraph 42, the Secretary admits that the California Legislature cited to two

16   reports, one from McKinsey and Company and the other from Dalberg Global Development

17   Advisors, respectfully refers the Court to the text of AB 979 for a full and accurate statement of

18   its contents and the specific information the Legislature cited to from the reports, and otherwise

19   denies the allegations in the second sentence of Paragraph 42. With regard to the third sentence of

20   Paragraph 42, the Secretary denies that the Legislature "does not provide any evidence that racial

21   diversity on corporate boards improves firm performance or governance" and denies that the

22   findings and sources referenced in the first two sentences of Paragraph 42 reflect the full record

23   of evidence relied on or "provided" by the Legislature. The Secretary further denies that there are

24   no academic studies that establish a link between racial diversity on corporate boards and firm

25   performance and governance. In addition, the documents referenced in the third sentence of

26   Paragraph 42 speak for themselves, and the Secretary denies the allegations in that sentence to the

27   extent they are inconsistent with the cited documents. The Secretary admits that the documents

28   cited in the third sentence of Paragraph 42 include the language quoted, but denies that Plaintiff

1    accurately characterizes the documents' statements or findings. For example, in the first study

2    cited by Plaintiff, the authors of the study also acknowledge that "[f]irst, there is no evidence of a

3    negative link between board diversity and financial performance so that our evidence does not

4    refute the business case for board diversity." *See,* e.g., D. Carter, et al., *The Gender and Ethnic*

5    *Diversity of US Boards and Board Committees and Firm Financial Performance*, 18 Corp.

6    Governance 396, 411 (2010). As to Plaintiff's partial quotation of the second cited source in the

7    third sentence of Paragraph 42, the full sentence reads "Unlike the case for women directors, we

8    do not find statistically significant differences in value between the two groups of firms. *This may*

9    *be due to the relatively small number of firms being compared.*" *See* D. Carter, et al., *Corporate*

10    *Governance, Board Diversity, and Firm Value*, 38 Fin. Rev. 33, 49–50 (2003) (emphasis added).

11    The Secretary otherwise denies the allegations in the third sentence of Paragraph 42.

12        43.    To the extent the allegations in the first sentence of Paragraph 43 refer to the

13    legislative findings section in AB 979, the legislative findings section in the text of the bill speaks

14    for itself, and the Secretary respectfully refers the Court to that section. To the extent the

15    allegations in the first sentence apply to all of the California Legislature's citations, findings, and

16    considerations informing its passage of AB 979, the Secretary denies the allegations. The

17    Secretary also denies the allegation that the Legislature's alleged lack of findings is "likely

18    because none exist." In February 2021, Out Leadership published a study titled, "Visibility

19    Counts: The LGBT Board Leadership Opportunity." This publication reported finding that, as of

20    approximately November 2020, only 25 (or 0.4%) of the more than 5,670 board seats in the

21    Fortune 500 were occupied by out LGBT individuals. The allegations of the second sentence of

22    Paragraph 43 consist of Plaintiff's characterization of a Nasdaq document. The Secretary admits

23    that the quoted statement occurs in the cited document and respectfully refers the Court to the full

24    document, which speaks for itself. The Secretary disagrees with Plaintiff's characterization of the

25    Nasdaq document, which states (on the same pages as the cited passage): "Credit Suisse (2016)

26    found an association between LGBTQ+ diversity and stock performance, finding that a basket of

27    270 companies 'supporting and embracing LGBT employees' outperformed the MSCI ACWI

28    index by an average of 3.0% per year over the past 6 years.[] Further, '[a]gainst a custom basket

1   of companies in North America, Europe and Australia, the LGBT 270 has outperformed by 140

2   bps annually.'[] Nasdaq acknowledges that this study focused on LGBTQ+ employees as

3   opposed to directors, and that there is a lack of published research on the issue of LGBTQ+

4   representation on boards. However, Out Leadership (2019) suggests that the relationship between

5   board gender diversity and corporate performance may extend to LGBTQ+ diversity: 'While the

6   precise reason for the positive correlation between gender diversity and better corporate

7   performance is unknown, many of the reasons that gender diversity is considered beneficial are

8   also applicable to LGBT+ diversity. LGBT+ diversity in the boardroom may create a dynamic

9   that enables better decision-making, and it brings to the boardroom the perspective of a

10  community that is a critical component of the company's consumer population and organizational

11  talent.[]'"

12          44.    Paragraph 44 appears to pull out of context several quotes from the SB 826 Assembly

13  Floor Analysis, 4 (2018), the AB 979 Senate Floor Analysis, 6-7 (2020), and the Senate

14  Committee on Banking and Financial Institutions Report on AB 979, 5-7 (2020). To the extent

15  that Plaintiff alleges that these statements amount to admissions or provide evidence that AB 979

16  violates the Equal Protection Clause, these allegations consist of legal conclusions and arguments,

17  not allegations of fact to which a response is required. The Secretary respectfully refers the Court

18  to these analyses for a full and accurate statement of their contents, and otherwise the allegations

19  of this paragraph are denied. In addition, no response is required to the allegation about the

20  "internal affairs doctrine," as Count 4 of the Complaint has been dismissed.

**CAUSES OF ACTION**

**I.    COUNT 1: The Woman Quota Violates the Equal Protection Clause of the 14th
       Amendment**

        The heading and subheading that separate Paragraphs 44 and 45 of the Complaint do not

contain material allegations that require a response. To the extent a response is deemed required,

the allegations of the heading and subheading are denied.

        45.    The Secretary incorporates her answers to allegations in Paragraphs 1-44 as if set

forth fully herein.

13

46.     No response is required because Count 1 has been dismissed. To the extent the allegations in Paragraph 46 relate to other Counts, they consist of legal conclusions to which no response is required and otherwise, the Secretary denies the allegations.

47.     No response is required because Count 1 has been dismissed. To the extent the allegations in Paragraph 47 relate to other Counts, they consist of legal conclusions to which no response is required and otherwise, the Secretary denies the allegations.

48.     No response is required because Count 1 has been dismissed. To the extent the allegations in Paragraph 48 relate to other Counts, they consist of legal conclusions to which no response is required and otherwise, the Secretary denies the allegations.

49.     No response is required because Count 1 has been dismissed. To the extent the allegations in Paragraph 49 relate to other Counts, they consist of legal conclusions to which no response is required and otherwise, the Secretary denies the allegations.

50.     No response is required because Count 1 has been dismissed. To the extent the allegations in Paragraph 50 relate to other Counts, they consist of legal conclusions to which no response is required and otherwise, the Secretary denies the allegations.

**II.     COUNT 2: The Minority Quota Violates the Equal Protection Clause of the Fourteenth Amendment**

The subheading that separates Paragraphs 50 and 51 of the Complaint does not contain material allegations that require a response.  To the extent a response is deemed required, the allegations of this subheading are denied.

51.     The Secretary incorporates her answers to allegations in Paragraphs 1-50 as if set forth fully herein.

52.     Paragraph 52 consists of Plaintiff's characterization of the Fourteenth Amendment's Equal Protection Clause and of legal conclusions, to which no response is required. The Secretary respectfully refers to the Court to the Fourteenth Amendment's Equal Protection Clause for a complete and accurate statement of its contents, and otherwise denies the allegations of this paragraph.

14

53.     Paragraph 53 consists of Plaintiff's characterization of AB 979 and of legal conclusions, to which no response is required. The Secretary respectfully refers to the Court to AB 979 for a complete and accurate statement of its contents, and otherwise denies the allegations of this paragraph.

54.     Paragraph 54 consists of Plaintiff's characterization of AB 979 and of legal conclusions and argument, to which no response is required. The Secretary respectfully refers to the Court to AB 979 for a complete and accurate statement of its contents, and otherwise denies the allegations of this paragraph are denied. In addition, with respect to the allegations concerning "Candidates like certain of Plaintiff's members," the Secretary lacks knowledge or information about Plaintiff's members sufficient to form a belief as to the truth of these allegations, and therefore denies them. In addition, the Secretary denies that the "legislative records" demonstrate that AB 979 is "designed" to work any "prejudice in order to pursue the unconstitutional objective of racial balancing," or that any legislative records demonstrate an intent other than to remedy the effects of past and present discrimination against underrepresented communities and to achieve the benefits to the public and the retirees and shareholders of increased board diversity.

55.     Paragraph 55 consists of Plaintiff's characterization of AB 979 and of the legislative record of AB 979 and of legal conclusions and argument, to which no response is required. The Secretary respectfully refers to the Court to AB 979 and the legislative record of AB 979 for complete and accurate statements of their contents, and otherwise denies the allegations of this paragraph.

**III.    COUNT 3: The Minority Quota 42 U.S.C. § 1981.**

The subheading that separates Paragraphs 55 and 56 of the Complaint does not contain material allegations that require a response. To the extent a response is deemed required, the allegations of this subheading are denied.

56.     The Secretary incorporates her answers to allegations in Paragraphs 1-55 as if set forth fully herein.

57.     The allegations of Paragraph 57 consist of Plaintiff's characterization of 42 U.S.C. § 1981 and of legal conclusions and arguments, to which no response is required. The Secretary

1 | respectfully refers to the Court to 42 U.S.C. § 1981 for a complete and accurate statement of its

2 | contents, and otherwise denies the allegations of Paragraph 57.

3 |     58.    The allegations of Paragraph 58 consist of legal conclusions and arguments, to which

4 | no response is required, and which the Secretary otherwise denies.

5 | **IV. COUNT 4: Both Quotas Violate the Internal Affairs Doctrine.**

6 |     The subheading that separates Paragraphs 58 and 59 of the Complaint does not contain

7 | material allegations that require a response.  To the extent a response is deemed required, the

8 | allegations of this subheading are denied.

9 |     59.    No response is required because Count 4 has been dismissed.

10 |     60.    No response is required because Count 4 has been dismissed.

11 |     61.    No response is required because Count 4 has been dismissed.

12 |     62.    No response is required because Count 4 has been dismissed.

13 | **PRAYER FOR RELIEF**

14 |     The remainder of the Complaint consists of a demand for relief, not allegations of fact to

15 | which a response is required. To the extent a response is deemed required, Defendant denies that

16 | Plaintiff is entitled to the relief requested, or any relief whatsoever. Defendant hereby denies all

17 | allegations in the Complaint not expressly admitted herein.

18 | **AFFIRMATIVE DEFENSES**

19 |     The Secretary has not knowingly or intentionally waived any applicable defense or

20 | affirmative defense.  The Secretary reserves the right to assert and rely upon other such defenses

21 | as may become available or apparent during discovery proceedings or as may be raised or

22 | asserted by others in this case, and to amend the Answer, defenses and/or affirmative defenses

23 | accordingly.  The Secretary further reserves the right to amend the Answer to delete defenses

24 | and/or affirmative defenses they are determined not applicable after subsequent discovery.

25 |     In addition, without admitting any allegations contained in the Complaint, the Secretary

26 | asserts the following separate and affirmative defenses based on information and belief:

27 |

28 |

1

## FIRST AFFIRMATIVE DEFENSE

2       If any portion of SB 826 is declared to be in violation of the Equal Protection Clause of the

3   Fourteenth Amendment, the unenforceable portion should be severed to give meaning and effect

4   to the enforceable provisions of the statute.

5

## DEFENDANT'S PRAYER FOR RELIEF

6       **WHEREFORE**, the Secretary prays that:

7       1. Plaintiff takes nothing by reason of its Complaint, that judgment be entered in favor of

8          the Secretary;

9       2. That the Secretary be awarded her costs of suit incurred in defense of this action; and

10      3. For such other relief as the Court deems proper.

11  Dated:  February 16, 2022                    Respectfully submitted,

12                                               ROB BONTA
                                                 Attorney General of California
13                                               MICHAEL L. NEWMAN
                                                 Senior Assistant Attorney General
14                                               LAURA L. FAER
                                                 VILMA PALMA-SOLANA
15                                               Supervising Deputy Attorneys General
                                                 SOPHIA CARRILLO
16                                               HEIDI JOYA
                                                 EDWARD NUGENT
17                                               Deputy Attorneys General

18

19
                                                 /s/    Julia Harumi Mass
20                                               JULIA HARUMI MASS
                                                 Deputy Attorney General
21                                               *Attorneys for California Secretary of State*

22

23

24

25

26

27

28

17