BENBROOK LAW GROUP, PC
BRADLEY A. BENBROOK (SBN 177786)
STEPHEN M. DUVERNAY (SBN 250957)
400 Capitol Mall, Suite 2530
Sacramento, CA  95814
Telephone: (916) 447-4900
Facsimile: (916) 447-4904
brad@benbrooklawgroup.com
steve@benbrooklawgroup.com

BOYDEN GRAY & ASSOCIATES PLLC
C. BOYDEN GRAY, Admitted *Pro Hac Vice*
JONATHAN BERRY, Admitted *Pro Hac Vice*
MICHAEL BUSCHBACHER, Admitted *Pro Hac Vice*
801 17th Street NW, Suite 350
Washington, DC 20006
Telephone: (202) 955-0620
berry@boydengrayassociates.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLIANCE FOR FAIR BOARD RECRUITMENT,<br><br>                Plaintiff,<br><br>        v.<br><br>SHIRLEY N. WEBER, in her official capacity as Secretary of State of the State of California,<br><br>                Defendant. | Case No.: 2:21-cv-01951-JAM-AC<br><br>**JOINT REQUEST TO STAY CASE PENDING RESOLUTION OF APPEAL IN *CREST V. PADILLA II*** |

Plaintiff Alliance for Fair Board Recruitment (Plaintiff) and Defendant Shirley N. Weber, in her official capacity of Secretary of State of the State of California (Secretary), respectfully request this Court to stay this matter pending resolution of the anticipated appeal in *Crest v. Padilla*, No. 20STCV37513 (Cal. Super. Ct. 2020) ("*Crest II*"). As explained below, a stay will promote judicial economy and will not prejudice either party.

1. This case is one of several challenges to Senate Bill No. 826, 2017-2018 Leg. Reg. Sess. (Cal. 2018) ("SB 826") and Assembly Bill No. 979, 2019-2020 Leg. Reg. Sess. (Cal. 2020) ("AB 979"). Two of these other challenges are pending before this Court: *Meland v. Weber*, No. 2:19-cv-2288-JAM-AC (E.D. Cal. 2019), which challenges only SB 826, and *National Center for Public Policy Research v. Weber ("NCPPR")*, No. 2:21-cv-02168 (E.D. Cal. 2021), which challenges both SB 826 and AB 979.[1] Two other cases are currently pending in California state court: *Crest v. Padilla* ("*Crest I*"), No. 19STCV27561, (Cal. Super. Ct. 2019), which challenges SB 826, and *Crest v. Padilla* ("*Crest II*"), No. 20STCV37513 (Cal. Super. Ct. 2020), which challenges AB 979.

2. The only live claims in this case are Plaintiff's 14th amendment equal protection challenge to AB 979 and its mirror-image claim that AB 979 violates 42 U.S.C. § 1981. Plaintiff filed a motion for summary judgment on both claims on March 30, 2022. Dkt. No. 88. The Secretary's response is due on July 1, 2022, and Plaintiff's reply on July 11, 2022. Dkt. No. 96. The motion is set for hearing on July 26, 2022. *Id.*

3. As this Court is aware, on April 1, the state trial court in *Crest II* granted summary judgment in favor of the plaintiffs. The plaintiffs have submitted a proposed form of judgment, which parties expect will be entered by the court. *See* Ex. A, Plaintiff's Proposed Form of Judgment.

---

[1] The Plaintiff in *NCPPR* has moved to voluntarily dismiss its challenge to AB 979 with prejudice so that it can immediately appeal this Court's dismissal of its facial challenge to SB 826. No. 2:21-cv-02168, Dkt. No. 34. This Court has not yet ruled on that request.

4. The Secretary intends to appeal.

5. The parties have conferred and agreed that, given the scope of state court's ruling a stay pending appeal in *Crest II* would serve the interests of justice and judicial economy. In particular, a stay would obviate the need for litigation about mootness and would address the Court's concern that this case not "pile on," but would await resolution by the state courts. Ex. B, Transcript of April 19, 2022 Hearing 22:9-10. Given the scope of the forthcoming injunction, a stay would not result in prejudice to Plaintiff or its members.

6. The Court has inherent authority to manage its docket, including by issuing a stay to promote the interests of justice and judicial economy. *See, e.g.*, *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005); *Landis v. North American Co.,* 299 U.S. 248, 255 (1936).

**The Parties therefore respectfully request**:

1. That this case should therefore be stayed until either: (1) the state trial court's forthcoming injunction is lifted, narrowed, or stayed; or (2) the state court of appeal issues an opinion on the appeal.

2. That the deadline for the Secretary to respond to Plaintiff's pending motion for summary judgment should be set for 60 days after the stay in this case is lifted, with any reply due 10 days thereafter.

3. That the parties be ordered to provide the Court with joint status reports every 90 days following the issuance of the stay.

4. That Plaintiff's pending discovery responses, including the Secretary's Requests for Production, Sets One and Two, Requests for Admission, Set One, and Subpoenas to Edward Blum and to Robert Morris, are due 14 days after the stay in this case is lifted.

///

///

///

Respectfully submitted,

Dated: May 19, 2022

BOYDEN GRAY & ASSOCIATES, PLLC

By s/ Michael Buschbacher
    MICHAEL BUSCHBACHER
    Attorney for Plaintiff

Dated: May 19, 2022

ROB BONTA
Attorney General of California
MICHAEL L. NEWMAN
Senior Assistant Attorney General
LAURA L. FAER
VILMA PALMA-SOLANA
Supervising Deputy Attorneys General
  HEIDI JOYA
  EDWARD NUGENT
  JAMES E. RICHARDSON
  KENNETH J. SUGARMAN
  DELBERT K. TRAN
Deputy Attorneys General


*/s/* Irina Trasovan
IRINA TRASOVAN
Deputy Attorney General
*Attorneys for California Secretary of State*