1  ROB BONTA, State Bar No. 202668
Attorney General of California
2  MICHAEL L. NEWMAN, State Bar No. 222993
Senior Assistant Attorney General
3  LAURA L. FAER, State Bar No. 233846
Supervising Deputy Attorney General
4  HEIDI JOYA, State Bar No. 311747
EDWARD NUGENT, State Bar No. 330479
5  JAMES E. RICHARDSON, State Bar No. 331958
KENNETH J. SUGARMAN, State Bar No. 195098
6  DELBERT K. TRAN, State Bar No. 323993
IRINA TRASOVAN, State Bar No. 290372
7  Deputy Attorneys General
  300 S. Spring Street, Suite 1702
8  Los Angeles, CA 90013
  Telephone:  (213) 269-6261
9  Fax:  (916) 731-2124
  E-mail:  Irina.Trasovan@doj.ca.gov
10  *Attorneys for California Secretary of State*

11  IN THE UNITED STATES DISTRICT COURT

12  FOR THE EASTERN DISTRICT OF CALIFORNIA

13  SACRAMENTO DIVISION

14

15  **ALLIANCE FOR FAIR BOARD
RECRUITMENT,**
16
                                Plaintiff,
17
        v.
18
19  **DR. SHIRLEY N. WEBER, in her official
capacity as Secretary of State of the State of
20  California,**
21
                                Defendant.
22

| | |
|---|---|
| 2:21-cv-01951-JAM-AC | |

**DEFENDANT CALIFORNIA
SECRETARY OF STATE'S REQUEST
FOR JUDICIAL NOTICE IN SUPPORT
OF OPPOSITION TO PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT**

Date:
Time: 1:30 PM
Courtroom: 6
Judge: The Honorable John A. Mendez
Trial Date: None Set
Action Filed: July 12, 2021

23

24

25

26

27

28

1

1    PLEASE TAKE NOTICE that Defendant Dr. Shirley N. Weber, in her official capacity as

2  California Secretary of State, respectfully requests pursuant to Federal Rule of Evidence 201 that

3  this Court take judicial notice of the facts listed below in connection with Defendant California

4  Secretary of State's Opposition to Plaintiff's Motion for Summary Judgment.

5                          **MATERIALS SUBJECT TO JUDICIAL NOTICE**

6    1.    The publicly available text of California Assembly Bill 979 (Reg. Sess. 2019-2020)

7  (AB 979) published on October 2, 2020. This text is available on the California Legislature's

8  website for AB 979, under the "Text" section tab, at the following URL:

9  https://leginfo.legislature.ca.gov/faces/billTextClient.xhtml?

10  bill_id=201920200AB979 (last accessed January 23, 2023). A copy of the bill's text is attached

11  hereto as **Exhibit 1**.

12    2.    The publicly available text of California Senate Bill 826 (Reg. Sess. 2017-2018) (SB

13  826) published on October 1, 2018. This text is available on the California Legislature's website,

14  under the Text section tab, at the following URL:

15  https://leginfo.legislature.ca.gov/faces/billTextClient.xhtml?bill_id=201720180SB826 (last

16  accessed January 23, 2023). A copy of the bill's text is attached hereto as **Exhibit 2**.

17    3.    The publicly available bill history of AB 979. This chronology is available on the

18  California Legislature's website for AB 979, under the "History" section tab, at the following

19  URL: https://leginfo.legislature.ca.gov/faces/billHistoryClient.xhtml?

20  bill_id=201920200AB979 (last accessed January 23, 2023). A copy of the bill's history is

21  attached hereto as **Exhibit 3**.

22    4.    The publicly available text of California Senate Concurrent Resolution No. 62, dated

23  September 20, 2013. This text is available on the California Legislature's website, under the Text

24  section tab, at the following URL:

25  https://leginfo.legislature.ca.gov/faces/billNavClient.xhtml?bill_id=201320140SCR62 (last

26  accessed January 23, 2023). A copy of the text of Senate Concurrent Resolutions No. 62 is

27  attached hereto as **Exhibit 4.**

28

1

Request for Judicial Notice in Support of Defendant California Secretary of State's Opposition to Plaintiff's Motion
for Summary Judgment  (2:21-cv-01951-JAM-AC)

5.    The publicly available CalSTRS Corporate Governance at a Glance, dated August 2016. The document is available on the California Senate's website at the following URL: https://womenworkandfamilies.senate.ca.gov/sites/womenworkandfamilies.senate.ca.gov/files/8-2016_-_cg_at_a_glance_-_board_and_public.pdf (last accessed January 23, 2023). A copy of the document is attached hereto as **Exhibit 5**.

6.    A publicly available Senate Rules Committee analysis of SB 826, as amended on August 20, 2018. This analysis is available on the California Legislature's website for SB 826, under the Bill Analysis section "08/30/18-Senate Floor Analyses" link at the following URL: https://leginfo.legislature.ca.gov/faces/billAnalysisClient.xhtml?bill_id=201720180SB826 (last accessed January 23, 2023). A copy of the Senate Rules Committee analysis is attached hereto as **Exhibit 6.**

7.    A publicly available Senate Judiciary Committee analysis of Senate Bill 826, dated April 3, 2018. This analysis is available on the California Legislature's website for SB 826, under the Bill Analysis section "04/23/18-Senate Judiciary" link at the following URL: https://leginfo.legislature.ca.gov/faces/billAnalysisClient.xhtml?bill_id=201720180SB826 (last accessed January 23, 2023). A copy of the Senate Judiciary Committee analysis is attached hereto as **Exhibit 7.**

8.    A publicly available Senate Committee on Appropriations analysis of AB 979, dated July 28, 2020. This analysis is available on the California Legislature's website for AB 979, under the Bill Analysis section "08/14/20-Senate Appropriations" link at the following URL: https://leginfo.legislature.ca.gov/faces/billAnalysisClient.xhtml?bill_id=201920200AB979 (last accessed January 23, 2023). A copy of the Senate Committee on Appropriations analysis is attached hereto as **Exhibit 8.**

9.    A publicly available Senate Rules Committee, third reading analysis of AB 979, as amended on August 20, 2020. This analysis is available on the California Legislature's website for AB 979, under the Bill Analysis section "08/25/20-Senate Floor Analyses" link at the following URL: https://leginfo.legislature.ca.gov/faces/billAnalysisClient.xhtml?

1  bill_id=201920200AB979 (last accessed January 23, 2023). A copy of the Senate Rules

2  Committee, third reading analysis is attached hereto as **Exhibit 9.**

3     10.  A publicly available Concurrence in Senate Amendments analysis of AB 979, as

4  amended on August 20, 2020. This analysis is available on the California Legislature's website

5  for AB 979, under the Bill Analysis section "08/29/20-Assembly Floor Analysis" link at the

6  following URL:

7  https://leginfo.legislature.ca.gov/faces/billAnalysisClient.xhtml?bill_id=201920200AB979 (last

8  accessed January 23, 2023). A copy of the Concurrence in Senate Amendments analysis is

9  attached hereto as **Exhibit 10.**

10     11.  The publicly available text of California Senate Bill 545, dated September 27,

11  1993. This text is available on the California Legislature's website at the following URL:

12  http://www.leginfo.ca.gov/pub/93-94/bill/sen/sb_0501-0550/sb_545_bill_930927_chaptered  (last

13  accessed January 23, 2023). A copy of the text of Senate Bill 545 is attached hereto as **Exhibit**

14  **11.**

15     12.  A publicly available notice of final rule by the Securities and Exchange Commission

16  published in the Federal Register on December 23, 2009, [74 Fed. Reg. 245, 68334] titled "Proxy

17  Disclosure Enhancements," which is dated December 16, 2009. This notice is available at the

18  following URL: https://www.govinfo.gov/content/pkg/FR-2009-12-23/pdf/E9-30327.pdf (last

19  accessed January 23, 2023). A copy of the Securities and Exchange Commission's notice is

20  attached hereto as **Exhibit 12.**

21     13.  A publicly available notice by the Securities and Exchange Commission published in

22  the Federal Register on December 11, 2020, [85 Fed. Reg. 239, 80472] titled "Self-Regulatory

23  Organizations; The NASDAQ Stock Market LLC; Notice of Filing of Proposed Rule Change to

24  Adopt Listing Rules Related to Board Diversity," which is dated December 4, 2020. This notice

25  is available at the following URL: https://www.govinfo.gov/content/pkg/FR-2020-12-

26  11/pdf/2020-27091.pdf (last accessed January 23, 2023). A copy of the Securities and Exchange

27  Commission's notice is attached hereto as **Exhibit 13.**

28

3

14.  A publicly available agenda for the Third Annual Insurance Diversity Summit hosted by the California Department of Insurance on December 8, 2014. This agenda is available at the following URL: http://www.insurance.ca.gov/diversity/20-events/066-2014/upload/Summit-2014-Agenda.pdf (last accessed January 23, 2023). A copy of the Third Annual Insurance Diversity Summit agenda is attached hereto as **Exhibit 14**.

15.  A publicly available agenda for the Fourth Annual Insurance Diversity Summit hosted by the California Department of Insurance on November 4, 2015. This agenda is available at the following URL: http://www.insurance.ca.gov/diversity/02-tf/10-m/upload/Summit-2015-Summit-Agenda.pdf (last accessed January 23, 2023). A copy of the Fourth Annual Insurance Diversity Summit agenda is attached hereto as **Exhibit 15**.

16.  A publicly available agenda for the Fifth Annual Insurance Diversity Summit hosted by the California Department of Insurance on December 7, 2016. This agenda is available at the following URL: http://www.insurance.ca.gov/diversity/20-events/055-2016/upload/Summit-2016-Summit-Agenda.pdf (last accessed January 23, 2023). A copy of the Fifth Annual Insurance Diversity Summit agenda is attached hereto as **Exhibit 16.**

17.  A publicly available agenda for the Sixth Annual Insurance Diversity Summit hosted by the California Department of Insurance on November 28, 2017. This agenda is available at the following URL: http://www.insurance.ca.gov/diversity/20-events/050-2017/upload/Summit-2017-Agenda-Full-11-28.pdf (last accessed January 23, 2023). A copy of the Sixth Annual Insurance Diversity Summit agenda is attached hereto as **Exhibit 17.**

18.  A publicly available agenda for the Seventh Annual Insurance Diversity Summit hosted by the California Department of Insurance on October 1, 2018. This agenda is available at the following URL: http://www.insurance.ca.gov/diversity/20-events/045-2018/upload/Diversity-Summit-2018-Agenda-FINAL.pdf (last accessed January 23, 2023). A copy of the Seventh Annual Insurance Diversity Summit agenda is attached hereto as **Exhibit 18.**

19.  A publicly available 2018 press release titled "Summit convenes insurer executives focused on governing board diversity" by the California Department of Insurance dated March 5, 2018. This press release is available at the following URL: http://www.insurance.ca.gov/0400-

news/0100-press-releases/2018/release023-18.cfm (last accessed January 23, 2023). A copy of the "Summit convenes insurer executives focused on governing board diversity" press release is attached hereto as **Exhibit 19.**

20.  A publicly available PowerPoint presentation titled "Welcome to the 2020 State of Board Diversity in California's Insurance Industry: Results from the 2020 California Insurance Diversity Survey" by the California Department of Insurance. This presentation is available at the following URL: http://www.insurance.ca.gov/diversity/12-mids/upload/2020-CA-Insurance-Diversity-Survey-FINAL-State-of-Board-Diversity-Presentation.pdf (last accessed January 23, 2023). A copy of the "Welcome to the 2020 State of Board Diversity in California's Insurance Industry: Results from the 2020 California Insurance Diversity Survey" presentation is attached hereto as **Exhibit 20.**

21.  A copy of a letter from California State Controller John Chiang to California Assembly Member Bob Wieckowski, Chair of the Assembly Committee on the Judiciary, in support of SCR 62 (Jackson), dated September 9, 2013, is attached hereto as **Exhibit 21.**

22.  A copy of a letter from the California Public Employees Retirement System (CalPERS) to Sen. Jackson and Assembly Member Garcia of the California Legislative Women's Caucus, dated Nov. 14, 2016, is attached hereto as **Exhibit 22.**

23.  A copy of a document prepared by Vivian Hunt and others of McKinsey & Company entitled Delivering Through Diversity, dated January 2018, is attached hereto as **Exhibit 23.**

24.  A copy of a letter from California Insurance Commissioner Dave Jones to California Assembly Member Stone, Chair of the Assembly Committee on Judiciary, copying other members of the Legislature, dated June 25, 2018, is attached hereto as **Exhibit 24.**

25.  A copy of a letter from California State Controller Betty Yee to California Governor Edmund G. Brown, copying California State Senator Hannah Beth Jackson, dated September 6, 2018, is attached hereto as **Exhibit 25.**

26.  A copy of a report by Deloitte and the Alliance for Board Diversity, entitled *Missing Pieces Report: The 2018 Board Diversity Census of Women and Minorities on Fortune 500 Boards*, dated January 16, 2019, is attached hereto as **Exhibit 26.**

5

27. A copy of a Fact Sheet on Assembly Bill No. 979 (2019-2020 Reg. Sess.), is attached hereto as **Exhibit 27.**

28. A copy of a report entitled *Diversity and Inclusion: Holding America's Large Banks Accountable*, prepared by the Majority Staff of the U.S. House of Representatives Committee on Financial Services, 116th Congress, Second Session (2020), is attached hereto as **Exhibit 28.**

29. A copy of the California Senate Banking and Financial Institutions Committee Background Information Request for Assembly Bill No. 979 (2019-2020 Reg. Sess.), dated June 29, 2020, is attached hereto as **Exhibit 29.**

30. A copy of an article by Sam Dean and Johana Bhuiyan entitled *Why are Black and Latino People Still Kept Out of the Tech Industry?*, published in the Los Angeles Times on June 30, 2020, is attached hereto as **Exhibit 30.**

31. A copy of a letter from Solange Fernández Brooks of the New America Alliance to California Assembly Member Chris Holden, dated July 28, 2020, is attached hereto as **Exhibit 31.**

32. A copy of the Senate Committee on Banking and Financial Institutions Analysis of Assembly Bill No. 979 (2019-2020 Reg. Sess.), as amended July 28, 2020, is attached hereto as **Exhibit 32.**

33. A copy of a letter from the Asian American Bar Association of the Greater Bay Area and others to California State Senator Steven Bradford, dated August 3, 2020, is attached hereto as **Exhibit 33.**

34. A copy of a letter from David Ryu of the League of California Cities Asian Pacific Islander Caucus to California State Senator Steven Bradford, dated August 4, 2020, is attached hereto as **Exhibit 34.**

35. A copy of a letter from Kevin G. Baker and Maya L. Ingraham of the American Civil Liberties Union Center for Advocacy and Policy to California Assembly Member Chris Holden, copying members and staff of the California Senate Banking and Financial Institutions Committee, dated August 5, 2020, is attached hereto as **Exhibit 35.**

6

36.   A copy of a letter from Ricardo Lara, California Insurance Commissioner, to California State Senator Steven Bradford, copying various members and staff of the California Legislature and executive agencies, dated August 6, 2020, is attached hereto as **Exhibit 36.**

37.   A copy of a letter from California State Controller Betty T. Yee to California State Senator Steven Bradford, copying other members of the California Legislature, dated August 10, 2020, is attached hereto as **Exhibit 37.**

38.   A copy of the article by J. Yo-Jud Cheng et al., entitled *Why Do Boards Have So Few Black Directors?*, published in the Harvard Business Review on Aug. 13, 2020 is attached hereto as **Exhibit 38.**

39.   A copy of a letter from Julian Cañete of the California Hispanic Chambers of Commerce to California State Senators Steven Bradford and Ling Ling Chang, dated August 13, 2020, is attached hereto as **Exhibit 39.**

40.   A Senate Judiciary Committee Background Information Request for AB 979 is attached hereto as **Exhibit 40.**

41.   A copy of a letter from Santosh Seeram-Santana of Chinese for Affirmative Action to California State Senator Steven Bradford, dated July 31, 2020, is attached hereto as **Exhibit 41.**

42.   A copy of a letter from David Ryu of the League of California Cities Asian Pacific Islander Caucus to California State Senator Steven Bradford, dated August 3, 2020, is attached hereto as **Exhibit 42.**

43.   A copy of a letter from Shirley Weber of the California Legislative Black Caucus, Lorena Gonzalez of the California Legislative Latino Caucus, and David Chiu of the California Legislative API Caucus to California State Senator Anthony Portantino, dated August 13, 2020, is attached hereto as **Exhibit 43.**

44.   A copy of a letter from California Insurance Commissioner Ricardo Lara to California Governor Gavin Newsom, copying various members of the California Legislature and the Governor's Office, dated August 30, 2020, is attached hereto as **Exhibit 44.**

45.   A copy of a letter from Jay King of the Black Chamber of Commerce to California Governor Gavin Newsom, dated September 1, 2020, is attached hereto as **Exhibit 45.**

46.  A copy of a letter from Ahmad Thomas of the Silicon Valley Leadership Group to California Governor Gavin Newsom, dated September 1, 2020, is attached hereto as **Exhibit 46.**

47.  A copy of a letter from California Secretary of State Alex Padilla to California Governor Gavin Newsom, dated September 1, 2020, is attached hereto as **Exhibit 47.**

48.  A copy of a letter from Carl Guardino of Bloom Energy to California Governor Gavin Newsom, dated September 2, 2020, is attached hereto as **Exhibit 48.**

49.  A copy of a letter from Enrique Lores of HP Inc. to California Governor Gavin Newsom, dated September 8, 2020, is attached hereto as **Exhibit 49.**

50.  A copy of a letter from California State Controller Betty Yee to California Governor Gavin Newsom, copying California Assemblymembers Chris Holden and Cristina Garcia, dated September 10, 2020, is attached hereto as **Exhibit 50.**

51.  A copy of a letter from Sindy M. Benavides, Janet Murguia, Ramiro Cavazos, Ester Aguilera, Brenda Castillo, Damian Rivera, and Thomas A. Saenz of Latino Voices for Boardroom Equity to California Governor Gavin Newsom, copying various California State officials, dated September 11, 2020, is attached hereto as **Exhibit 51.**

52.  A copy of a letter from Shirley Weber of the California Legislative Black Caucus, Lorena Gonzalez of the California Legislative Latino Caucus, and David Chiu of the California Legislative API Caucus to California Governor Gavin Newsom, dated September 4, 2020, is attached hereto as **Exhibit 52.**

53.  A copy of a letter from California State Treasurer Fiona Ma to California Governor Gavin Newsom, dated August 31, 2020, accompanied by a transmission email from California State Treasury Legislative Analyst Connie Chan to Anthony Lew of the California Department of Justice, dated March 18, 2022, is attached hereto as **Exhibit 53.**

54. The publicly available bill analysis of Senate Bill 545 from the California Senate Committee on Insurance, Claims and Corporations. This analysis is available on the California Legislature's website at the following URL: http://www.leginfo.ca.gov/pub/93-94/bill/sen/sb_0501-0550/sb_545_cfa_930301_104759_sen_comm (last accessed January 23, 2023). A copy of the analysis of Senate Bill 545 is attached hereto as **Exhibit 54.**

1    55. Excerpts from a certified copy of a court reporter's transcript for the SB 826-related

2    portion of a hearing held by the California Senate Judiciary Committee on April 24, 2018 are

3    attached hereto as **Exhibit 55**. A publicly available video recording of the hearing is available on

4    the California Senate website at the following URL: https://tinyurl.com/44nsjnbr (last accessed

5    January 23, 2023); the relevant portion runs from 26:00-1:23:47.

6    56.   A copy of the transcript of proceedings of the California Senate Floor Session concerning

7    AB 979, held on August 29, 2020, is appended to the Declaration of Janice De Marte as Exhibit 1

8    to that declaration.

9    57.   A copy of the transcript of proceedings of the California Assembly Floor Session

10   concerning AB 979, held on August 30, 2020, is appended to the Declaration of Janice De Marte

11   as Exhibit 2 to that declaration.[1]

12   58.   A copy of the transcript of proceedings of the California Senate Select Committee on

13   Women, Work, and Families concerning SB 826, held on August 29, 2017, is appended to the

14   Declaration of Denise Herft as Exhibit 1 to that declaration.

15   59.   A copy of the transcript of proceedings of the California Senate Committee on

16   Banking and Financial Institutions Committee concerning SB 826, held on April 18, 2018, is

17   appended to the Declaration of Sonya Ledanski Hyde as Exhibit 1 to that declaration.

18   60.   A copy of the transcript of proceedings of the California Senate Committee on

19   Banking and Financial Institutions concerning AB 979, held on August 13, 2020, is appended to

20   the Declaration of Sonya Ledanski Hyde as Exhibit 2 to that declaration.

21   61.   A copy of the transcript of proceedings of the California Assembly Committee on

22   Banking and Finance concerning AB 979, held on August 30, 2020, is appended to the

23   Declaration of Sonya Ledanski Hyde as Exhibit 3 to that declaration.

24   62.   A copy of the transcript of proceedings of the California Assembly Committee on

25   Banking and Finance concerning SB 826, held on June 25, 2018, is appended to the Declaration

26   of Sonya Ledanski Hyde as Exhibit 4 to that declaration.

27
28   _____

[1] Exhibit 2 to the De Marte Declaration is erroneously identified in that declaration and on the first page of the exhibit as the transcript of a California Senate Floor Session. It is the transcript of a California Assembly Floor Session as described above.

9

1    63.   A copy of the transcript of proceedings of the California Assembly Select Committee

2    on Corporate Board and California Workforce Diversity concerning SB 826 and AB 979, held on

3    October 1, 2021, is appended to the Declaration of Sonya Ledanski Hyde as Exhibit 5 to that

4    declaration.

5                                        **DISCUSSION**

     **I.    THE COURT MAY CONSIDER THE SECRETARY'S EXHIBITS WITHOUT RESTRICTION**
6    **AS LEGISLATIVE FACTS**

7         The Secretary's exhibits present legislative facts, which this Court may consider without

8    restriction. Federal Rule of Evidence 201 only limits a court's ability to take "judicial notice of an

9    *adjudicative* fact," and does not constrain a court's consideration of "legislative fact[s]." *See* Fed.

10   R. Evid. 201(a) (emphasis added). Legislative facts are "those which have relevance to legal

11   reasoning and the lawmaking process." Fed. R. Evid. 201(a) advisory committee's note to 1972

12   Proposed Rules. "In determining the content or applicability of a rule of domestic law, the judge

13   is unrestricted in his investigation," and "may consult the sources of pertinent data to which they

14   refer." *Id.* (quoting Edmund M. Morgan, *Judicial Notice*, 57 Harv. L. Rev. 269, 270-71 (1944)).

15   "This is the view which should govern judicial access to legislative facts. It renders inappropriate

16   any limitation in the form of indisputability" with respect to the court's consideration of

17   legislative facts. *Id.*

18        Courts within the Ninth Circuit accordingly review legislative findings and legislative facts

19   to consider the truth of the matter asserted.[2] *See Hotel & Motel Ass'n of Oakland v. City of*

20        [2] Other courts, and legal scholars, approve of this treatment of legislative facts. *See, e.g.,*
21   *Dunagin v. City of Oxford, Miss.*, 718 F.2d 738, 748 n.8 (5th Cir. 1983) ("The writings and
     studies of social science experts on legislative facts are often considered and cited by the Supreme
22   Court with or without introduction into the record or even consideration by the trial court."
     (citations omitted)); Linda H. Edwards, *Telling Stories in the Supreme Court: Voices Briefs and*
23   *the Role of Democracy in Constitutional Deliberation*, 29 Yale J.L. & Feminism 29, 49 (2017)
     ("Legislative facts can and often are raised for the first time on appeal and are not subject to
24   evidentiary rules."); Marin Roger Scordato, *Post-Realist Blues: Formalism, Instrumentalism, and
     the Hybrid Nature of Common Law Jurisprudence*, 7 Nev. L.J. 263, 270 n.21 (2007) ("One of the
25   exceptions to the general rule [limiting review to the record] sometimes followed by appellate
     courts is the consideration of so-called 'legislative' facts, which might include social science data
26   presented by the parties for the first time on appeal." (citing Stephen A. Saltzburg et al., Federal
     Rules of Evidence Manual 123-31 (7th ed. 1998))); Ellie Margolis, *Beyond Brandeis: Exploring
27   the Uses of Non-Legal Materials in Appellate Briefs*, 34 U.S.F. L. Rev. 197, 205 (2000) ("[T]here

28

                                              10

1    *Oakland*, 344 F.3d 959, 967-68 (9th Cir. 2003) (reviewing "extensive legislative findings" to

2    conclude that city ordinance "substantially advance[d] a legitimate government interest," and

3    affirming order granting motion to dismiss); *Meland v. Weber*, 2 F.4th 838, 846 & n.3 (9th Cir.

4    2021) (citing secondary sources to conclude that "early results have shown" that SB 826 has been

5    effective); *see also Fortson v. L.A. City Attorney's Office*, 852 F.3d 1190, 1193-94 (9th Cir. 2017)

6    (relying on legislative facts to determine state law satisfied intermediate scrutiny and affirm grant

7    of motion to dismiss); *Silvester v. Harris*, 41 F.Supp.3d 927, 938 (E.D. Cal. 2014) ("[S]ocial

8    science studies can be reviewed by courts as 'legislative facts.'"), *rev'd and remanded on other*

9    *grounds by* 843 F.3d 816 (9th Cir. 2016); 21B Charles Alan Wright, Arthur R. Miller, et al.,

10   *Federal Practice & Procedures* § 5103.2 (2d ed. 2021) ("[T]he use of 'legislative fact' in

11   constitutional litigation is so common that one could cite any of a number of other Supreme Court

12   decisions.").

13          The Court should treat **Exhibits 1-11 and 21-55, Exhibits 1-2 to the Declaration of**

14   **Janice De Marte, Exhibit 1 to the Declaration of Denise Herft, and Exhibits 1-5 to the**

15   **Declaration of Sonya Ledanski Hyde** as legislative facts, which may be considered without

16   restriction, because they are all records "which have relevance to legal reasoning and the

17   lawmaking process" for AB 979 and the related SB 826. *See* Fed. R. Evid. 201(a) advisory

18   committee's note to 1972 Proposed Rules; *see* Statement of Facts in Support of Defendant

19   California Secretary of State's Opposition to Plaintiff's Motion for Summary Judgment, filed

20   contemporaneously herewith, Fact No. 12 (AB 979 is modeled after SB 826). The bill analyses,

21   hearing transcripts, government reports, research studies reviewed and cited by the California

22   Legislature, letters of support, and letters to the California Governor are all records of the

23   "lawmaking process" and the "pertinent data" upon which the Legislature relied. *See* Fed. R.

24   Evid. 201(a) advisory committee's note to 1972 Proposed Rules. Therefore, the Court should

25   consider **Exhibits 1-11 and 21-55, Exhibits 1-2 to the Declaration of Janice De Marte,**

26

27   _____

28   is no procedural bar to introducing non-legal material [i.e., legislative facts] in support of
     appellate arguments, even when it has not been introduced in the trial court proceedings.").

**Exhibit 1 to the Declaration of Denise Herft, and Exhibits 1-5 to the Declaration of Sonya Ledanski Hyde** without restriction in ruling on Plaintiff's motion for summary judgment.

## II.   THE SECRETARY'S EXHIBITS ARE ALSO PROPERLY SUBJECT TO JUDICIAL NOTICE UNDER FEDERAL RULE OF EVIDENCE 201(B)(2) AND (C)(2)

Although this Court can take notice of the Secretary's evidence as legislative facts under Federal Rule of Evidence 201(a), the Court can *also* grant judicial notice under Rule 201(b)(2). *See Vivid Ent., LLC v. Fielding*, 774 F.3d 566, 581 n.7 (9th Cir. 2014) (noting that legislative facts relevant to statute could also be "properly notice[d] . . . as adjudicative facts under Rule 201(b)"). A court "must take judicial notice" of adjudicative facts "that [are] not subject to reasonable dispute" if "a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(b), (c)(2). Courts can judicially notice any fact that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Only relevant facts may be judicially noticed. *See Milton H. Greene Archives, Inc. v. Marilyn Monroe LLC*, 692 F.3d 983, 991 n.8 (9th Cir. 2012).

When taking notice of public records as *adjudicative* facts, courts generally take notice of what was in "in the public realm at the time," rather than the truth of the contents of such records, if the contents could be reasonably disputed. *See, e.g.*, *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (distinguishing between notice of the existence of records "in the public realm" and notice of "whether the contents of those articles were in fact true" (citation omitted)); *United States ex rel. Lee v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (taking notice of existence of reports but not of factual contents "subject to 'reasonable dispute'"). Courts can accordingly take judicial notice that a given record was considered or relied upon by a legislative body. *See, e.g.*, *Anderson v. Holder*, 673 F.3d 1089, 1094 n.1 (9th Cir. 2012) ("Legislative history is properly a subject of judicial notice."); *see also Von Saher*, 592 F.3d at 960 (taking notice of publications as evidence of "what information was in the public realm at the time").

***Official Records.*** **Exhibits 1-20 and 54-55, Exhibits 1-2 to the Declaration of Janice De Marte, Exhibit 1 to the Declaration of Denise Herft, and Exhibits 1-5 to the Declaration of**

12

Request for Judicial Notice in Support of Defendant California Secretary of State's Opposition to Plaintiff's Motion for Summary Judgment  (2:21-cv-01951-JAM-AC)

**Sonya Ledanski Hyde** are judicially noticeable because they are records of official acts of the California Legislature, California Governor, and California administrative agencies. "Under Rule 201 of the Federal Rules of Evidence, the [C]ourt may take judicial notice of the records of state courts, the legislative history of state statutes, and the records of state administrative agencies." *Louis v. McCormick & Schmick Rest. Corp.*, 460 F.Supp.2d 1153, 1156 (C.D. Cal. 2006) (collecting Ninth Circuit cases). The text and history of AB 979 and SB 826 are therefore subject to judicial notice.

  *Materials Made Publicly Available by Government Bodies.* **Exhibits 1-20 and 54** are judicially noticeable because the Court may take notice of materials available on the web site of federal and state governmental bodies. The Ninth Circuit has held that it is appropriate to take judicial notice of information "made publicly available by government entities" on their websites. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (taking judicial notice of information made publicly available by a government entity on its website); *see also Paralyzed Veterans of Am. v. McPherson*, No. C064670SBA, 2008 WL 4183981, at *5 (N.D. Cal. Sept. 9, 2008) (finding that courts commonly take judicial notice of information and documents on government websites, citing cases from various jurisdictions).

  *Matters of Public Record.* **Exhibits Exhibits 1-55, Exhibits 1-2 to the Declaration of Janice De Marte, Exhibit 1 to the Declaration of Denise Herft, and Exhibits 1-5 to the Declaration of Sonya Ledanski Hyde** are also judicially noticeable because they are "matters of public record" that are not "subject to reasonable dispute." *Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001).

  *Materials Relied Upon in Enactment of Statute.* Finally, while **Exhibits 21-53** can be judicially noticed as legislative facts for the truth of the matter asserted, the Court can also notice these exhibits as adjudicative facts—i.e., that the Legislature relied upon these materials in enacting AB 979—without passing upon the truth of their contents. *See, e.g., Anderson*, 673 F.3d at 1094 n.1 ("Legislative history is properly a subject of judicial notice."); *see also Von Saher*, 592 F.3d at 960 (taking notice of publications as evidence of "what was in the public realm at the time," rather than the truth of the publications' contents).

**CONCLUSION**

Defendant Secretary of State makes this request for judicial notice contemporaneously with the filing of her Opposition to Plaintiff's Motion for Summary Judgment. For the foregoing reasons, the Court should grant the Secretary's request for judicial notice and regard **Exhibits 1-11 and 21-55, Exhibits 1-2 to the Declaration of Janice De Marte, Exhibit 1 to the Declaration of Denise Herft, and Exhibits 1-5 to the Declaration of Sonya Ledanski Hyde** as legislative facts and regard **Exhibits 12-20** as adjudicative facts.

Dated:  January 23, 2023                                Respectfully submitted,

                                                        ROB BONTA
                                                        Attorney General of California
                                                        MICHAEL L. NEWMAN
                                                        Senior Assistant Attorney General
                                                        LAURA L. FAER
                                                        Supervising Deputy Attorney General
                                                        HEIDI JOYA
                                                        EDWARD NUGENT
                                                        JAMES E. RICHARDSON
                                                        KENNETH J. SUGARMAN
                                                        DELBERT K. TRAN
                                                        Deputy Attorneys General


                                                        /s/ Irina Trasovan
                                                        IRINA TRASOVAN
                                                        Deputy Attorney General

                                                        *Attorneys for California Secretary of State*