UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLIANCE FOR FAIR BOARD RECRUITMENT,<br><br>            Plaintiff,<br><br>     v.<br><br>SHIRLEY N. WEBER, in her official capacity as Secretary of State of the State of California,<br><br>            Defendant. | No.  2:21-cv-01951-JAM-AC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court is the Alliance for Fair Board Recruitment's ("Plaintiff") motion for summary judgment against Shirley N. Weber ("Defendant"), in her official capacity as California's Secretary of State.  See Mot. for Summary Judgment ("Mot"), ECF No. 88.  Plaintiff alleges that California Assembly Bill No. 979, which, in part, requires publicly held corporations located in California to have a minimum number of directors from designated underrepresented racial, ethnic and LGBTQ backgrounds, violates the Equal Protection Clause and 42 U.S.C. § 1981.  Id. at 9-10.  Defendant opposes the motion, asserting that AB 979 satisfies strict scrutiny or, in the alternative, should have its unconstitutional provisions severed from the rest of the bill. See Opp'n, ECF No. 114.  Plaintiff replied.  See Reply, ECF

1

No. 122. For the reasons set forth below, this Court GRANTS Plaintiff's motion.[1]

## I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

On September 30, 2020, AB 979 was passed into law, adding California Corporations Code Sections 301.4 and 2115.6. Compl., ECF No. 1, ¶ 38. Proponents of the bill claim that it is intended to address corporate discrimination against underrepresented communities. Opp'n at 1. The legislation required public corporations headquartered in California to have a minimum number of directors from select identities that are underrepresented on corporate boards by December 31, 2022. Id. Specifically, the bill outlined underrepresented groups as those who identify as "Black, African American, Hispanic, Latino, Asian, Pacific Islander, Native American, Native Hawaiian, or Alaska Native . . . gay, lesbian, bisexual, or transgender." Cal. Corp. Code § 301.4(e). The minimum number of directors required by AB 979 depends on the size of the corporation's board, ranging from a minimum of one to three. Cal. Corp. Code § 301.4(b). Corporations that fail to comply with the statute are subject to a $100,000 fine for an initial violation and $300,000 for any subsequent violation. Cal. Corp. Code § 301.4(d). The law contains no sunset provision or expiration date.

Plaintiff, a non-profit membership organization composed of individuals who do not self-identify into one of AB 979's

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for April 25, 2023.

underrepresented groups, filed suit against Defendant on July 12, 2021. See Compl. With respect to AB 979, Plaintiff alleged violations of (1) the Equal Protection Clause of the Fourteenth Amendment, (2) 42 U.S.C. § 1981, and (3) the Internal Affairs Doctrine. Id. At a hearing on Defendant's motion to dismiss the complaint, the Court dismissed Plaintiff's Internal Affairs Doctrine claim and permitted the remaining claims against AB 979 to proceed. Mot. Hearing, ECF No. 70. On March 30, 2022, Plaintiff filed the operative motion for summary judgment, alleging that AB 979 constitutes an unconstitutional racial quota in violation of the Equal Protection Clause and 42 U.S.C. § 1981. Mot. at 9-10.

## II.   OPINION

### A.   Request for Judicial Notice

Plaintiff asks the Court to take judicial notice of sixty-three documents. See Req. for Judicial Notice ("RJN"), ECF No. 115.

Under Federal Rule of Evidence 201, a district court may take judicial notice of a fact that is "not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). A court may therefore take judicial notice of court filings and other matters of public record. Reyn's Pasta Bella LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006).

The Court grants Plaintiff's request for judicial notice for all requested documents pursuant to Rule 201.

///

B.  Legal Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact for trial. Anderson v. Liberty Lobby, Inc., 447 U.S. 242, 248-49 (1986). If the moving party meets its burden, the burden of production then shifts so that "the non-moving party must set forth, by affidavit or as otherwise provided in Rule 56, 'specific facts showing that there is a genuine issue for trial.'" T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir.1987). The Court must view the facts and draw inferences in the manner most favorable to the non-moving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962).

C.  Analysis

    1.  Claim One: Equal Protection Clause

        a.  Facial Challenge

Plaintiff contends that AB 979 must be invalidated because it is unconstitutional on its face. Mot. at 10-12. Plaintiff states that Defendant concedes that the bill imposes racial classifications and requires covered corporations to have a set minimum number of directors from a select racial and ethnic pool, which constitutes a race-based quota despite Defendant's semantic argument that it only sets a "flexible floor" for diversity. Id. at 10-11. Plaintiff argues that such quotas are *per se*

1  unconstitutional according to established Supreme Court
2  precedent.  Id. at 11-12.
3      Defendant concedes that AB 979 constitutes a racial
4  classification but argues that it is permissible because it is
5  aimed at remedying past discrimination.  Opp'n at 22.  Defendant
6  also claims that AB 979 does not create preferred racial and
7  ethnic classes because no individual is insulated from
8  competition with others and each candidate must still go through
9  an individualized consideration process.  Id.  Furthermore, AB
10 979 expressly permits corporate boards to expand to accommodate
11 as many candidates as they wish so no director or director
12 candidate not included in one of the bill's preferred groups
13 would be forced to lose their board position.  Id.
14     The Court finds that Plaintiff's facial challenge to AB 979
15 must be affirmed.  The Supreme Court defines a quota as "a
16 program in which a certain fixed number or proportion of
17 opportunities are 'reserved exclusively for certain minority
18 groups.'"  Grutter v. Bollinger, 539 U.S. 306, 335 (2003).  The
19 Supreme Court has rejected racial and ethnic quotas and has
20 declared them "facially invalid." Regents of Univ. of California
21 v. Bakke, 438 U.S. 265, 307 (1978).  Depending on the size of the
22 covered corporation, AB 979 requires corporate boards to have, at
23 minimum, one or three board members who self-identify with select
24 racial and ethnic groups.  Despite Defendant's attempt to
25 semantically cast this requirement as flexible, the Court finds
26 that it is a racial quota as it requires a certain fixed number
27 of board positions to be reserved exclusively for certain
28 minority groups; in this case, those who identify as "Black,

African American, Hispanic, Latino, Asian, Pacific Islander, Native American, Native Hawaiian, or Alaska Native." Cal. Corp. Code § 301.4(e). In the absence of a genuine issue of material fact, the Court finds that AB 979 is unconstitutional on its face and Plaintiff is entitled to summary judgment in its favor as a matter of law.

### b. Strict Scrutiny

The Court does not reach the parties' strict scrutiny arguments because the facial challenge to AB 979 is dispositive.

## 2. Claim Two: 42 U.S.C. § 1981

The Supreme Court has stated that a violation of the Equal Protection Clause of the Fourteenth Amendment also constitutes a violation of § 1981. Gratz v. Bollinger, 539 U.S. 244, 276 n.23 (2003). In light of the Court's grant of summary judgment in Plaintiff's favor on its Equal Protection challenge to AB 979, the Court, accordingly, finds that Plaintiff is entitled to summary judgment in its favor on this count as a matter of law.

## 3. Severability

Defendant asks the Court to sever AB 979 to exclude the particular groups whose inclusion violates the Equal Protection Clause. Opp'n at 24-25. Defendant argues that severing individual groups will not adversely affect the meaning of "underrepresented communities" or AB 979's basic operation. Id. at 25. Plaintiff responds that severance would be inappropriate in this case and notes that AB 979 does not include a severability clause. Reply at 14-15. The Court agrees.

When a state statute faces a constitutional challenge, the Court's severability analysis is guided by state law. Costco

Wholesale Corp. v. Maleng, 522 F.3d 874, 886 (9th Cir. 2008). Under California law, severance is proper if (1) severance will not affect the wording or coherence of the remainder of the statute; (2) the remainder of the statute "is complete in itself," and (3) the legislature would have adopted the remainder of the statute "had it foreseen the partial invalidation of the statute." Cal. Redev. Ass'n v. Matosantos, 53 Cal. 4th 231, 270-71 (2011). The Court finds that removing AB 979's racial and ethnic classifications would adversely affect the coherence of the remaining provision regarding those who identify as gay, lesbian, bisexual, or transgender because the statute's language is almost exclusively cast in racial and ethnic terms and figures. Also, the Court finds that (1) the language of the statute, (2) Defendant's opposition brief, which argues that AB 979's main purpose is to remedy racial and ethnic discrimination, and (3) the lack of a severability clause collectively indicate that the legislature would not have adopted the remainder of AB 979 had it foreseen its partial invalidation. Therefore, the Court declines to sever AB 979.

### III.  ORDER

For the reasons set forth above, this Court GRANTS Plaintiff's motion for summary judgment.

IT IS SO ORDERED.

Dated: May 15, 2023

JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE